# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 6:06-CR-00047-ADA |
| § | |
| KEITH ADAIR § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

Keith Adair was originally charged in a 2-count superseding indictment filed on or about September 12, 2006, for Possession with Intent to Distribute Methamphetamine (Count 1) and Possession of a Firearm by a Convicted Felon (Count 2). Count two of the superseding indictment was subsequently dismissed upon oral motion from the government. Keith Adair was convicted of Count 1 by jury trial on January 10, 2007, and sentenced to two hundred and forty (240) months incarceration followed by a three (3) year term of supervised release. The defendant's supervised release began on March 30, 2023.

On September 30, 2025, the United States Probation Office filed an Amended Petition for

Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

> **Violation Number 1:** The defendant violated Standard Condition Number 11; the defendant shall notify the probation officer within 72 hours of any law enforcement arrest or questioning.
>
> **Violation Number 1:** The defendant violated Standard Condition Number 11; the defendant shall notify the probation officer within 72 hours of any law enforcement arrest or questioning.  .
>
> **Violation Number 3:** The defendant violated one of his special conditions; the defendant shall participate in a substance abuse treatment and follow the rules and regulations of that program.
>
> **Violation Number 4:** The defendant violated Standard Condition Number 3; the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

On October 14, 2025, the Court held a hearing on the petition. At the hearing, the United States Attorney dropped violation number 1. The defendant pled TRUE as to violation number 2, 3, and 4. The petition contained a sufficient factual basis to support a plea of TRUE as to violation number 2, 3, and 4.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of her supervision as alleged in the petition.
2. The defendant was competent to make the decision to enter a plea of TRUE as to violation number 2, 3, and 4.
3. The defendant had both a factual and rational understanding of the proceedings against her.

4. The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9. The defendant understood the petition and the charges alleged against her.

10. The defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11. The defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12. The defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered her plea of TRUE as to violation number 2, 3, and 4.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15.   The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation number 2, 3, and 4.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that he be sentenced to 8 months custody, with no term of supervised release to follow, with credit for times served.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of October, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

Page 5 of 5